HURON PIPE & SUPPLY CO. *v.* R & A PLUMBING, INC.

(R & A PLUMBING, INC. *v.* NORTH AMERICAN
CONSTRUCTION CORPORATION)

1. Judgment—Accelerated Judgment—Release—Factual Dispute
—Court Rule.

   A factual dispute affecting a release which is the basis of a
   motion for accelerated judgment may be resolved either by an
   immediate trial on the disputed grounds or by postponing
   the hearing on the dispute until after trial on the merits of
   the case (GCR 1963, 116.3).

2. Judgment—Accelerated Judgment—Release—Factual Dispute
—Court Rule.

   Summarily dismissing third party defendant's motion for ac-
   celerated judgment was error where the parties were in dis-
   pute over the validity of a release urged as the basis for
   the motion (GCR 1963, 116.3).

Appeal from St. Clair, Halford I. Streeter, J.
Submitted Division 2 March 5, 1971, at Lansing.
(Docket No. 8719.)   Decided March 31, 1971.

Complaint by the Huron Pipe & Supply Co.
against R & A Plumbing, Inc., for the price of goods
sold.  Third-party complaint by R & A Plumbing,
Inc., against North American Construction Corpora-
tion, Walter J. Kassuba, Halmar Construction Cor-
poration, and Edwards Engineering Company.
Counterclaim by North American Construction
Company and Walter J. Kassuba against R & A

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2]  47 Am Jur 2d, Judgments §§ 743, 750.

Plumbing, Inc.  North American Construction Company and Walter J. Kassuba moved for accelerated judgment.  Motion denied.  Third-party defendants appeal.  Remanded for further proceedings.

*McIntosh, Oppliger & Mugan,* for R & A Plumbing, Inc.

*Daubert & Barron,* for North American Construction Company and Walter J. Kassuba.

Before: R. B. Burns, P. J., and J. H. Gillis and T. M. Burns, JJ.

Per Curiam.  Plaintiff, Huron Pipe & Supply Co., filed suit on November 14, 1968, in the St. Clair County Circuit Court alleging that from December 23, 1965, to February 25, 1966, it sold and delivered to defendant, R & A Plumbing, Inc., eight boilers and accessories which defendant had ordered. Plaintiff's claim was in the amount of $12,804.09 plus interest.  Defendant then filed a third-party complaint on March 3, 1969, pursuant to GCR 1963, 204, against North American Construction Corporation, Walter J. Kassuba, Halmar Construction Corporation, and Edwards Engineering Company alleging, *inter alia,* that North American Construction Corporation entered into an agreement with Halmar Construction Corporation whereby it accepted full responsibility for the payment of the boilers and that Walter J. Kassuba, as an officer in North American Construction Corporation, entered into an agreement with Halmar Construction Corporation whereby he made himself personally liable.

Defendant, R & A Plumbing, Inc., on July 5, 1966, had filed a complaint against Halmar Construction

Corporation, Walter J. Kassuba, and North American Construction Corporation in the Kalamazoo County Circuit Court seeking $34,922.95. At about the same time, defendant R & A Plumbing filed suit against Kassuba Development Corporation, Walter J. Kassuba, North American Construction Corporation, and others in the Superior Court of Allen County, Indiana, seeking $4,498.19. In both the Kalamazoo case and the Indiana case there was an additional count for foreclosure of a mechanic's lien involving construction of certain apartment buildings in the township of Kalamazoo and in Fort Wayne, Indiana.

Settlement negotiations were conducted between the parties in both the Indiana and Kalamazoo actions and on or about December 6, 1967, the claims were settled in the amount of $11,500. At the time of this settlement, R & A Plumbing executed a release of all liens, all claims, and covenant not to sue discharging all claims it may have, known and unknown, against Walter J. Kassuba, North American Construction Corporation, and any of the related companies of Walter J. Kassuba.

North American Construction Corporation and Walter J. Kassuba filed the affirmative defense of release in this present action before the St. Clair County Circuit Court. They also filed a counter-claim against the defendant, R & A Plumbing, Inc., based upon the covenant not to sue. Plaintiff denies that the release applied to the transaction in question.

Third-party defendants, North American Construction Corporation and Walter J. Kassuba, filed a motion for accelerated judgment pursuant to GCR 1963, 116, alleging that the claim of a third-party plaintiff was barred by the release and dismissal of a prior action with prejudice. The motion was

based upon the records and files in said cause and an affidavit alleging personal knowledge. Attached as exhibits to the affidavit were the release and covenant not to sue. Defendant R & A Plumbing, Inc., did not answer the motion nor file any affidavits in opposition to the motion for accelerated judgment. The trial court, on December 1, 1969, denied the motion without an opinion.

GCR 1963, 116.3, expressly states the duty imposed on the trial court when confronted with a motion for accelerated judgment on the grounds of release.

"As to defenses and objections based upon subrule 116.1(5), the court may order immediate trial of any disputed questions of fact, and judgment may be rendered forthwith if the proof shows that the moving party is entitled to judgment on the facts as determined; or the court may postpone the hearing on the matter until the trial on the merits, and shall postpone the hearing if a jury trial has been demanded pursuant to right on or before the day of the hearing."

The rule delineates the permissible methods of disposition of motions for accelerated judgment. The court may order an immediate trial on any dispute related to the validity of the release. After a finding of fact is made, "judgment may be rendered forthwith". In the alternative, the court "may postpone the hearing on the matter until the trial on the merits".

In the present case, the trial court summarily denied the motion. In light of the provisions set forth in the court rule, we remand this case to the trial court for proceedings in accordance with GCR 1963, 116.3. Costs to appellants.